**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **NOCO COMPANY,** | ) | **CASE NO. 1:25CV2641** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | **OPINION AND ORDER** |
| | ) | |
| **GO TECHPRO GLOBAL, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the Court upon the Motion (ECF DKT #10) of Defendant Go TechPro Global, Inc. to Vacate Default.  For the following reasons, the Motion is granted.

**I. BACKGROUND**

The above-captioned Complaint was filed on December 4, 2025, alleging Unfair Competition; Tortious Interference; Trademark Infringement and Dilution; Violations of Ohio's Deceptive Trade Practices Act; and False Advertising.  The Complaint alleges that Defendant sells NOCO-branded, but materially different, products without Plaintiff's permission or consent.

Certified mail service of the Complaint was returned as "unclaimed."  On January 16, 2026, Plaintiff perfected personal service on Defendant's CEO and sole shareholder, Kirill Sokhonchuk.  No answer or other responsive pleading was filed.

Therefore, Plaintiff filed an Application for Entry of Default (ECF DKT #6); and Default was entered on February 17, 2026.  (ECF DKT #7).  Plaintiff filed its Motion for

Default Judgment on March 27, 2026.  (ECF DKT #9).  Default Judgment has not been entered.

Defendant filed the instant Motion to Vacate Default on April 10, 2026.  (ECF DKT #10).   In its Motion and supporting Declaration, Defendant asserts that the failure to timely respond was not willful; it has meritorious defenses; and Plaintiff will suffer no prejudice. Plaintiff filed an Opposition on April 24, 2026 (ECF DKT #12), arguing that Defendant had notice of this action, but chose to ignore it; delay will cause memories to fade and evidence to be lost; and the proposed answer does not establish a meritorious defense.

## II. LAW AND ANALYSIS

### Setting aside an entry of default

Pursuant to Fed.R.Civ.P. 12(a)(1)(A), a defendant must serve an answer within twenty-one days of being served with a summons and complaint unless service is waived. Under Fed.R.Civ.P. 55(a), the clerk must enter a default when a party fails to defend an action as required.  However, Fed.R.Civ.P. 55(c) grants the Court the authority to set aside an entry of default for "good cause."

In *Berthelsen v. Kane,* 907 F.2d 617, 620 (6th Cir. 1990), the Sixth Circuit opined:

> The same considerations exist when deciding whether to set aside either an entry of default or a default judgment, but they are to be applied more liberally when reviewing an entry of default. While a default judgment may be vacated only by satisfying the stricter standards applied to final, appealable orders under Fed.R.Civ.P. 60(b), an entry of default may be set aside for "good cause shown." Fed.R.Civ.P. 55(c).

"[J]udgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co. v. Seaboard Coastline Railroad,* 705 F.2d 839, 845

(6th Cir.1983).  "[M]ere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion" to set aside an entry of default judgment.  *Id.*  The Sixth Circuit has stated, "in general, our cases discussing motions to set aside default under Rule 55(c) are extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps."  *U.S. v. $22,050.00 U.S. Currency,* 595 F.3d 318, 322 (6th Cir. 2010).

"In determining whether good cause exists, the district court must consider:  '(1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced.'"  *U.S. v. $22,050.00 U.S. Currency,* 595 F.3d at 324, quoting *Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir. 1992).  "Although '[a]ll three factors must be considered in ruling on a motion to set aside an entry of default,' when a defendant has a meritorious defense and the plaintiff would not be prejudiced, 'it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead.'"  *U.S. v. $22,050.00 U.S. Currency,* 595 F.3d at 324, quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.,* 796 F.2d 190, 194 (6th Cir. 1986).

Upon consideration of Defendant's arguments and Declaration, the Court finds that Defendant did not act with any intent to thwart these proceedings nor with disregard for the Court's authority.  The Court further finds that Defendant has meritorious defenses which should be fully litigated on their merits.

### III. CONCLUSION

In keeping with the Sixth Circuit's policy of resolving cases on the merits, the Court holds that there is good cause to set aside the Entry of Default pursuant to Fed.R.Civ.P. 55(c). Therefore, the Motion (ECF DKT #10) of Defendant Go TechPro Global, Inc. to Vacate the Entry of Default is granted.  Plaintiff's Motion (ECF DKT #9) for Default Judgment is denied.

Furthermore, in light of this ruling, the Court grants Defendant's request  for leave to file its Answer.  Defendant's Answer shall be filed by June 17, 2026.

**IT IS SO ORDERED.**

**DATE: 6/10/2026**


 **s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**